PER CURIAM.
This lawyer disciplinary proceeding is before us on complaint of The Florida Bar and the referee’s report. Marvin S. Davis *1315 filed a petition for review contesting the referee’s findings and recommended discipline of a ninety-day suspension followed by a two-year period of probation. We have jurisdiction. Art. V, § 15, Fla. Const. We adopt the findings and the recommendations of the referee.
The report of the referee reflects the following: In or around early January 1988, Marvin S. Davis was recommended as an attorney to Roberto Lopez, an inmate in the Seminole County Jail, by a fellow inmate who was represented by Davis. Lopez was charged with trafficking in cocaine and also faced a similar charge in Orange County. On or around January 4, 1988, Davis met with Lopez and was directed to pick up a Veteran’s Administration (VA) check from Lopez’s roommate. Lopez then took it upon himself to arrange for all of his future government checks to go directly to Davis's office address.
Davis agreed to cash Lopez’s government checks and to deposit them to his inmate account or to make any other distribution Lopez might direct. During this time, Lopez was receiving a monthly VA check in the approximate amount of $1,333 and a social security check in the amount of $440. On January 6, 1988, Davis again visited Lopez. At that time, Lopez provid- ■ ed him with a letter from the VA stating that he suffered from schizophrenia and another document indicating his prescribed medication from the VA. Davis was concerned that apparently Lopez was not receiving the appropriate medication while he was incarcerated.
Davis received Lopez’s VA checks dated December 1, 1987, in the amount of $1,333, December 31, 1987, in the amount of $1,333, February 1, 1988, in the amount of $1,333, and March 1,1988, in the amount of $1,394. Each cheek was endorsed by Lopez and either Davis or Davis’s wife. Davis had no trust account at any bank. He maintained no internal trust account ledger or records other than receipts for Lopez. Davis did not consider Lopez’s
checks to be trust funds and did not believe a trust account was needed. The referee found that they were trust funds.
On February 7, 1988, Davis prepared receipt number 103 for the deposit of $1,773 into Lopez’s inmate account. Davis also provided his client with receipt number 102 for $2,855 received by Davis in legal fees. In total, Davis should have had in his possession a total of $4,573 belonging to Lopez. Records from the Orange County Jail do not indicate that Davis made a deposit for Lopez in the amount of $1,773 on February 7, 1988, or on any other date. Receipts from the Orange County Jail indicate that two deposits, $440 by check and $10 in cash, were made by Davis on February 7, 1988. The $440 apparently represented Lopez’s social security check, but the source of the $10 deposit could not be determined. Davis was unable to account for the $1,323 difference except to state that he may have made an error in the amount when he wrote receipt number 103.
Davis failed to keep any adequate trust account records despite the fact that he was accepting trust funds represented by Lopez’s government checks and was handling them for Lopez. Davis was unable to account for the missing $1,323, which apparently represents Lopez’s monthly VA payment. The ultimate disposition of the $1,323 remains unknown, although it was last entrusted to Davis’s care and control. Apparently, receipt number 103 originally reflected the February VA check plus the social security check, although the receipt did not identify its components; however, receipt number 102 did identify its components and did list the February VA check as part of that deposit.
Although Davis was concerned about his client’s medical condition, he was not concerned about handling Lopez’s funds and sought no guidance from the court concerning those funds. Davis handled trust funds for Lopez without a trust account or internal trust records and now finds himself unable to adequately account for a substantial portion of the funds due to inadequate record keeping.
*1316 Based on these findings, the referee recommended that Davis be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.15(a) for failing to maintain the minimum required trust account records for handling client funds that were entrusted for a specific purpose; rule 4-1.15(b) for failing to promptly render a full accounting regarding at least $1,323 entrusted to him or to promptly turn over to his client trust funds to which he was entitled; rule 4-1.15(d) for failing to comply with the rules regulating trust accounts; and rule 5-1.1 for failing to maintain the minimum trust account records relating to a transaction where he was clearly handling funds that were entrusted to him by a client for a specific purpose other than fees. The referee recommended that Davis be found not guilty of violating rule 4-1.4(b) for failing to explain a matter to the extent reasonably necessary to permit his client to make informed decisions regarding the representation.
Upon these recommendations of guilt, the referee recommended that Davis be suspended from the practice of law for a period of ninety days. Additionally, the referee recommended that Davis be placed on probation for a period of two years with the following conditions: that Davis make restitution to the client for the amount of $1,323, that he pay court costs in the amount of $2,580.81, and that he not violate any of the rules of discipline or professional conduct of the Rules Regulating The Florida Bar.
In his petition for review, Davis raises three issues: 1) that his receipt of funds for Lopez did not require a trust account under the Rules Regulating The Florida Bar; 2) that he should not be found liable for an unintentional clerical error in accounting; and 3) that the referee’s recommended discipline is an inappropriate sanction in this case.
In support of his first contention, Davis argues that two accounting control mechanisms — the government issuance of
Lopez’s checks and the sheriff’s departments’ receipts and records — acted to accomplish' trust accounting rule objectives; therefore, a trust account was unnecessary. We disagree. The very problems faced by Davis in this case could have been avoided with appropriate trust accounting procedures. Further, an accounting by a third party in no way relieves an attorney from his or her obligation to properly handle and account for money or property entrusted to that attorney by a client.
Next, Davis asserts that the record fails to show that Lopez suffered any loss and that the missing $1,323 was actually the result of clerical error. The referee, however, found that the missing $1,323 was received by Davis, was never deposited on behalf of Lopez, and currently remains unaccounted for. This finding of fact by the referee must be upheld unless it is clearly erroneous and lacking in evidentia-ry support. The Fla. Bar v. Bajoczky, 558 So.2d 1022 (Fla.1990). We find that the referee’s findings and conclusions are clearly supported by substantial competent evidence in this record.
Finally, Davis maintains that the recommended sanctions are inappropriate because Lopez suffered no financial loss, because the clerical error was unintentional, because Davis has announced his retirement from private practice, and because he was found not guilty of all charges in a previous disciplinary action. We are not persuaded. Under the circumstances of this case, we find that the recommended sanctions are appropriate.
Accordingly, we adopt in full the referee’s findings of fact and recommended discipline. We find Davis guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.15(a) (failing to maintain appropriate trust account records), rule 4-1.15(b) (failing to promptly render a full accounting), rule 4-1.15(d) (failing to comply with the rules regulating trust accounts), and rule 5-1.1 (failing to maintain minimum trust account records). Davis shall be suspended from the practice of law *1317 for a period of ninety days, during which time he is enjoined and prohibited from the practice of law in Florida. The suspension shall take effect on May 11, 1991, thereby giving Davis thirty days to close out his practice in an orderly fashion and to protect his clients’ interests, including providing the notice required by rule 3-5.1(h) of the Rules Regulating The Florida Bar. Following the ninety-day suspension, Davis shall be placed on probation for a period of two years. As a condition of that probation, Davis shall make restitution to Lopez in the amount of $1,323.
Judgment for costs in the amount of $2,580.81 is hereby entered against Marvin S. Davis, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.